Isidor Lorborbaum, trading as Laurel Textile Company, Appellee, v. Elia Leviy and Louis E. Winnick, formerly trading as Leviy & Winnick, on appeal of Elia Leviy, Appellant.

## Gen. No. 28,066.

1. PARTNERSHIP—*acts of partner after dissolution binding former copartners.* A former partnership is liable for the purchase price of merchandise sold to it where the sale was made three days before the partnership was dissolved and ten days before notice thereof was published, and the goods were shipped to the partnership and delivered to the continuing partner subsequent to the dissolution, the order having been given to an agent of plaintiff and by him sent to plaintiff before he had notice from one of the partners of the impending dissolution, he having no authority then to cancel or modify the order which was accepted by plaintiff before it had any notice of the dissolution; and in such case the receipt of the goods by the continuing partner makes applicable the provisions of the Statute on Partnerships, Cahill's Ill. St. ch. 106a, ¶ 35, that after dissolution a partner can bind the partnership by any act appropriate for winding up the partnership affairs or completing transactions unfinished at dissolution.

2. PARTNERSHIP—*delivery to continuing partner, after dissolution, of goods ordered before, as delivery to partnership.* Delivery after dissolution of a partnership to the continuing partner of goods purchased by the partnership before dissolution is completion of a transaction begun during the continuancy of the partnership and under the Statute on Partnerships, Cahill's Ill. St. ch. 106a, ¶ 35, providing that a partner can bind the partnership after dissolution by any act appropriate for completing transactions unfinished at dissolution, and such delivery is sufficient to bind a former partner for the purchase price of the goods.

3. APPEAL AND ERROR—*defenses not raised on trial not reviewable.* A former partner sued for the purchase price of goods sold to the partnership before dissolution and delivered to the continuing partner after dissolution cannot first present on appeal defenses that the goods were not shipped within the time stated on the memorandum of sale and that the requirement of the statute of frauds for a memorandum of sale signed by the vendee was not complied with, where such defenses were not made in the affidavit of merits or at the trial.

4. FRAUDS, STATUTE OF—*failure of vendee to sign memorandum*

*of sale no defense where goods delivered.* It is no defense to an action for the purchase price of merchandise exceeding $500 in value that the vendee did not sign any memorandum of sale where the goods have been delivered and accepted by the vendee.

5. SALES—*when purchaser of merchandise liable for price as a question of law.* A verdict for plaintiff suing for the purchase price of merchandise sold to a former copartnership is properly directed where the evidence shows that the goods were ordered by the copartnership prior to dissolution and were forwarded by plaintiff before it had any notice thereof that plaintiff's salesman had forwarded the order before he had knowledge of the intended dissolution and that he had no authority thereafter to cancel the order, which was accepted by plaintiff without notice, and that the goods were delivered in due course and received by the continuing partner.

Appeal by defendant from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed March 19, 1923. Rehearing denied April 13, 1923. *Certiorari* denied by Supreme Court (making opinion final).

KING, BROWER & HURLBUT, for appellant.

PENNISH & RASHBAUM, for appellee; F. D. SHOBE, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit to recover the purchase price of merchandise sold. Upon trial the court peremptorily instructed the jury to find for plaintiff and judgment was entered against defendants for $1,813.95, from which defendant Elia Leviy appeals.

The defense asserted by Leviy's affidavit of merits and presented on the trial was that at the time the goods in question were sold he was no longer a member of the copartnership, which had been dissolved, and that plaintiff was advised of this fact.

The order for the goods was given to a Mr. Tepper, a traveling salesman for plaintiff, on May 14, 1920, at the place of business of the copartnership, Leviy and Winnick. He says that both Leviy and Winnick

were present when the order was given. Leviy says he was not present at the time the order was given, but that afterwards Tepper returned and told him of the order. Tepper testifies that the next day he looked up the credit of defendants, which was satisfactory, and forwarded the order to plaintiff in New York. The next day, May 16, Tepper and Leviy met on the street and had a conversation. Tepper says that Leviy told him that he and Winnick were contemplating the dissolution of the partnership but that this would not affect the order for the goods, for which he would pay if Mr. Winnick did not. Leviy, on the other hand, says that he then told Tepper not to ship the order as he and Winnick were dissolving partnership. May 17 the partnership was dissolved by agreement. May 18 plaintiff sent a letter to Leviy and Winnick acknowledging "receipt of your valued order of the 14th," and promising to give it attention. Some of the goods, said to be the larger portion, were shipped May 21, and the rest May 25 and June 16. It was sufficiently proven that Winnick received the goods. May 24 notice of the dissolution of the partnership of Leviy and Winnick was published in certain newspapers and notices of the dissolution were mailed to creditors. The date of such mailing is not clear and receipt of such notice is not admitted by plaintiff. Subsequently trade acceptances, accepted by Winnick alone, were received by plaintiff but returned for the reason stated, that the goods had been sold to the firm of Leviy and Winnick.

Defendant Leviy invokes the rule that a former partner of the dissolved partnership cannot bind his former copartners by any act or promise done or made after the dissolution. The cases cited clearly support this rule, but it has no application to the present facts. Concededly the sale was made three days before the partnership was dissolved and ten days before notice of the same was published. The receipt of the goods

by Winnick makes applicable the Statute on Partnerships, Cahill's Ill. St. ch. 106a, ¶ 35: "After dissolution a partner can bind the partnership.  *  *  *  By any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution."

Accepting Leviy's version that on May 16 he told Tepper to cancel the order, this was two days after the order had been given, and after it had been sent to New York, and it is not shown that Tepper had authority to cancel or modify the order. His duties were to take orders and investigate the credit of customers. The order was accepted by his principal May 18, before any notice of dissolution had reached plaintiff. The order then became binding upon both members of the partnership. *Andrews v. Himrod*, 37 Ill. App. 124; *Fuller v. Samuels*, 137 Ill. App. 536; 2 Corpus Juris, page 607, sec. 242, and cases there cited.

It is earnestly urged that there is no proof that the merchandise was delivered. It was shown that it was delivered to Winnick, which was a completion of the transaction which began before the partnership was dissolved. This delivery was sufficient under the statute to bind Leviy.

It cannot now be argued as ground for reversal that there was a failure to ship the goods within the time stated on the memorandum of sale, which was "at once." This defense was not presented by the affidavit of merits nor upon the trial, and it cannot be made for the first time upon review. *Board Highway Com'rs v. City of Bloomington*, 253 Ill. 164.

This also applies to the defense of the statute of frauds, based upon the claim that the value of the merchandise exceeded $500, and there was no note or memorandum thereof signed by the vendee. Even if it might be considered on review it would not avail, in view of the delivery of the merchandise.

After the undisputed evidence that the order was

given and forwarded to plaintiff before the partner-
ship was dissolved, that plaintiff's agent had no au-
thority subsequently to cancel the same, that it was
accepted by plaintiff before it had any knowledge that
the partnership was dissolved and that the goods were
delivered in due course, there was no determining
question of fact to be submitted to the jury, and the
trial court properly instructed for the plaintiff. The
judgment is therefore affirmed.

*Affirmed.*

MATCHETT, J., concurs.